891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilyn E. PEFFLEY-WARNER, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-3570.
 United States Court of Appeals, Ninth Circuit.
 Argued Oct. 4, 1988.
Dec. 6, 1989.
 
 Before FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Marilyn E. Peffley-Warner claims that the Secretary of Health and Human Services wrongfully denied her widow's benefits under the Social Security Act, 42 U.S.C. §§ 301, et seq. The district court affirmed the Secretary's denial in a grant of summary judgment.
 
 
 3
 Sylvan Warner, insured under the Act, died in 1984. The appellant never formally married Sylvan Warner, but she and he lived together for twenty-two years, a relationship which the State of Washington characterizes as "meretricious."
 
 
 4
 Widows are entitled to benefits under § 402(e)(1) of title 42, and § 416(h)(1)(A) of the same title specifies how one may qualify as a "widow" for the purposes of the Act. A person applying for benefits is a widow if she would "under the law applied by ... courts [of the state in which the insured was domiciled at the time of his death] in determining the devolution of intestate personal property have the same status with respect to the taking of such property as a wife ... of such insured individual."
 
 
 5
 We certified to the Supreme Court of the State of Washington the question whether Washington law would afford a person in the appellant's situation the same status as that of a wife with respect to the intestate devolution of Sylvan Warner's personal property. That court answered "no"--appellant would not inherit. Marilyn E. Peffley-Warner v. Otis R. Bowen, No. 55674-1, slip op. (Wash. Sept. 14, 1989) (en banc). The district court's grant of summary judgment for the Secretary must therefore be AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Circuit Rule 36-3